**NOT FOR PUBLICATION**



# FILED

SEP 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC WILLENS, | No.   15-16891 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01339-DLR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted September 21, 2017[**]

Before:     GOODWIN, LEAVY,  and SILVERMAN, Circuit Judges.

Eric Willens appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Willens's applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. Willens contends that the administrative law judge ("ALJ") erred in finding that Willens was not fully credible, and in rejecting lay witness testimony from his father, Sherwin Willens. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ provided specific, clear, and convincing reasons for rejecting Willens's testimony. First, the ALJ reasonably found that Willens's daily activities were not as limited as one would expect given his allegations of disabling symptoms and limitations. For instance, although Willens testified that he was totally disabled, the ALJ noted that Willens indicated on his Function Reports that he was able to groom and bathe himself, prepared his own meals, did laundry, drove, shopped for groceries, socialized with friends, managed his finances, and occasionally did housework. In addition, the ALJ correctly noted that since his onset date Willens had traveled to Mexico where he walked quite a bit, and this was inconsistent with his testimony of disabling limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (holding that the ALJ properly discounted a claimant's testimony about the extent of his pain and limitations based on his ability to travel).

15-17122

Second, the ALJ reasonably found that Willens's symptoms from his diabetes and coronary artery disease were well-controlled with medications, which belied his testimony that the symptoms were disabling. For example, in a May 2011 examination, treating physician Dr. George Sibley found that Willens was doing "extremely well" with his diabetes and coronary heat disease, that Willens should continue with his medication, and that his diabetes was well-controlled. Also, the ALJ properly noted that although Willens testified that the side effects from nitroglycerin, which treated his heart condition, gave him disabling recurring headaches and drowsiness, the treating notes and records lacked evidence supporting those complaints. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (holding that impairments that can be controlled effectively with medications are not disabling).

The ALJ reasonably cited a third reason for an adverse credibility determination: the objective medical evidence was inconsistent with Willens's subjective allegations of limitation. For example, although Willens testified that he experienced regularly-recurring chest pains, Dr. Sibley stated in a July 2012 report that Willens had been asymptomatic since April 2012. Second, although Willens testified that his neck pain was disabling, Dr. Sibley reported on February 20, 2012 that Willens had undergone cervical fusion and had improvement in his neck pain.

Moreover, in the medical evidence before the ALJ, no physician made an assessment that Willens was disabled. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ may consider a lack of supporting medical evidence, but the factor cannot form the only basis for discounting subjective symptom testimony).

The ALJ did not err in giving little weight to the third party function report of Willens's father. Mr. Willens's lay witness statement was similar to the claimant's testimony. The ALJ properly concluded that Mr. Willens's Function Report was consistent with his son's subjective complaints, but was similarly inconsistent with the objective medical evidence. Because the ALJ properly discounted the claimant's similar testimony, the ALJ properly gave a germane reason for rejecting Mr. Willens's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

We do not consider Willens's argument concerning the great weight the ALJ assigned to the non-examining physicians' opinions, which Willens did not raise in his opening brief, and only raised for the first time in his reply brief. *See Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

Substantial evidence supports the ALJ's determination that Willens was not disabled within the meaning of the Social Security Act.

**AFFIRMED.**